UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TABU WRIGHT,

        Petitioner,                                       Case No. 1:21-cv-12010

v.                                                    Honorable Thomas L. Ludington
                                                        United States District Judge

DAVID SHAVER,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING RESPONDENT TO FILE ANSWER AND RULE 5 MATERIALS WITHIN 60 DAYS**

Petitioner Tabu Wright filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. On September 22, 2021, Respondent David Shaver was directed to respond on or before March 7, 2022. ECF No. 8. Respondent did not answer the Petition, file the required Rule 5 materials, or seek a filing extension.

Petitioner has filed a motion to grant the petition for writ of habeas corpus because Respondent has not answered the Petitioner. ECF No. 12. As explained hereafter, the Motion will be denied, and Respondent will be directed not only to respond to the Petition within 30 days of this Order, but also to concurrently file the required Rule 5 materials.

A default judgment cannot be entered in a § 2254 habeas corpus proceeding based on a state official's failure to timely respond to the petition. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) ("State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution." (citation omitted)); *Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001). Indeed, Michigan's failure to timely respond does not relieve habeas petitioners of

their burden of proving that their custody violates United States law. *Allen,* 424 F.2d at 138; *Gray v. Reilly,* 208 F.3d 213 (6th Cir. 2000) (unpublished table decision).

The time to file a response to a habeas corpus petition can and will be extended here. *Whitfield,* 157 F. Supp. 2d at 761 (citing *Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985)); *see also Mahaday v. Cason*, 222 F. Supp. 2d 918, 921 (E.D. Mich. 2002) ("There is no way a § 2254 case can be decided on a petitioner's submission only, and a court should not put itself in a position of considering the petition without a response by the respondent." (citing *Beall v. Cockrell,* 174 F. Supp. 2d 512 (N.D. Tex. 2001))). The Petition will not be considered without the benefit of Respondent's answer. *See, e.g.*, *Wilkerson v. Jones,* 211 F. Supp. 2d 856 (E.D. Mich. 2002). Any such decision would "create[] a self-inflicted wound," as the lack of response would leave the court "with a one-sided view of the habeas corpus petition—that of the prisoner, who is most likely untrained in the law and has submitted a short petition to the court that does not include records and transcripts from the court proceedings in which the prisoner was convicted." *Mahaday,* 222 F. Supp. 2d at 921. Accordingly, a default judgment will not be entered, but Respondent will be directed to respond to the Petition.

In light of the time that has passed without Respondent's answer, this Court will direct Respondent to answer the Petition within 30 days of this Order. Habeas petitioners who challenge the legality of their state custody are entitled to reasonably prompt disposition of their petitions. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998). Delays by the state in responding to a petition for writ of habeas corpus "can, in and of themselves, prejudice a petitioner by creating a bar to a merits review of a prisoner's constitutional claims." *Burgess v. Bell,* 555 F. Supp. 2d 855, 857 (E.D. Mich. 2008). Moreover, "[r]apid adjudication of habeas petitions is important because . . . the writ of habeas corpus exists so that people wrongly detained may obtain freedom."

- 3 -

*Wilkerson,* 211 F. Supp. 2d at 860. But under the rules governing responses in habeas corpus cases, this Court may set a deadline for a response to a petition. 28 U.S.C. § 2243; *Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001).

Respondent will be directed to file the Rule 5 materials with its answer. The habeas corpus rules require Respondent to attach the relevant portions of the transcripts of the state-court proceedings, if available. *See Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Petitioner will have 45 days from the receipt of the answer to file a reply brief if he so chooses. *See* Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

Accordingly, it is **ORDERED** that the Motion to Grant Writ of Habeas Corpus, ECF No. 12, is **DENIED**.

Further, it is **ORDERED** that Respondent is **DIRECTED** to file an answer to the Petition and to file the Rule 5 materials **on or before May 27, 2022**. Petitioner may file a reply **on or before the earlier of either 45 days of receipt of the answer or July 11, 2022**.

Dated: March 28, 2022         s/Thomas L. Ludington
                              THOMAS L. LUDINGTON
                              United States District Judge