UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TABU WRIGHT,

          Petitioner,                    Case No. 1:21-cv-12010

v.                                  Honorable Thomas L. Ludington
                                  United States District Judge

DAVID SHAVER,

          Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS, DENYING MOTION TO GRANT THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Tabu Wright, incarcerated at the Parnall Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner pleaded *nolo contendere* in the Wayne County Circuit Court to one count of first-degree criminal sexual conduct (CSC), MICH. COMP. LAWS § 750.520(b)(1)(e). He was sentenced to 12 to 25 years in prison. He was denied parole on this conviction on April 23, 2021. Petitioner now argues that the sentencing judge used inaccurate information about two prior escape convictions, of which Petitioner claims he was never convicted, causing the presentence investigation report to contain inaccuracies. He also alleges the Michigan Parole Board denied parole based on the inaccuracies.

Respondent argues that any challenges to the underlying convictions are barred by the statute of limitations, are procedurally defaulted, or both, and that Petitioner's parole-denial claim is not cognizable.

The statute of limitations bars Petitioner's claims concerning his underlying convictions, and his parole-denial claim is not cognizable. Accordingly, the Petition will be denied with prejudice.

## I.

Petitioner pleaded *nolo contendere* to one count of first-degree criminal sexual conduct and was sentenced on September 13, 2006, to 12 to 25 years in prison. ECF No. 18-1 at PageID.195–96.

Petitioner did not appeal his conviction. ECF No. 18-2 at PageID.203. On July 14, 2014, he filed a "Motion to Remand" in the Wayne County Circuit Court. ECF No. 18-1 at PageID.196.[1] The Judge construed the motion as a postconviction motion for relief from judgment filed under Michigan Court Rule 6.500, *et. seq.* and denied the motion on March 17, 2015. *People v. Wright,* No. 06-6477-01-FC (Mich. Cir. Ct. Wayne Cnty. Mar. 17, 2015); ECF No. 18-2 at PageID.203. Petitioner did not appeal the denial of this motion to the Michigan Court of Appeals or to the Michigan Supreme Court.

The Michigan Parole Board denied Petitioner parole on April 23, 2021. ECF Nos. 4 at PageID.30; 12 at PageID.127.

Petitioner signed and dated the instant Petition on August 3, 2021.[2] ECF No. 1 at PageID.11. In his original and supplemental pleadings, Petitioner argues that the sentencing judge violated Petitioner's right to due process by considering inaccurate information in imposing the sentence. *Id.* at PageID.2. Petitioner specifically alleges that the presentence investigation report

---

[1] The notation on the docket sheet simply says "Motion." But this must be referring to Petitioner's motion to remand because there are no other motion entries between the time of Petitioner's conviction in 2006 and when he filed his postconviction motion. Petitioner does not dispute Respondent's allegation that Petitioner filed his postconviction motion on July 14, 2014.

[2] Under the prison mailbox rule, this Court will assume that Petitioner filed his habeas petition on the date that it was signed and dated. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

stated that Petitioner has two prior escape convictions, which he denies having. *Id.* at PageID.2–3. He also alleges that the Parole Board has used this inaccurate information to deny him parole. *Id.*

## II.

Petitioner's challenges to his underlying convictions are barred by the statute of limitations, and his parole-denial claim is not cognizable.

## A.

## 1.

In the statute-of-limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *see also Cooey v. Strickland,* 479 F.3d 412, 415–16 (6th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, became effective on April 24, 1996, and it governs the filing date for the habeas application in this case because Petitioner filed his Petition after AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state-court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Although not jurisdictional, AEDPA's one-year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009). A habeas petition filed outside the times provided in § 2244(d) must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694–95 (6th Cir. 2000) (dismissing a habeas case filed thirteen days after the limitations period expired as untimely), *abrogated on other grounds by Abela v. Martin*, 348 F.3d 164, 172–73 (6th Cir. 2003); *Neal v. Bock*, 137 F. Supp. 2d 879, 885 (E.D. Mich. 2001) (dismissing as untimely a habeas petition filed more than one month after the limitations period had expired).

This Court must first determine when Petitioner's conviction became "final" to determine when the limitations period began running. *See Williams v. Wilson*, 149 F. App'x 342, 345 (6th Cir. 2005) (unpublished). Under § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Wilberger v. Carter*, 35 F. App'x 111, 114 (6th Cir. 2002) (unpublished).

At the time of Petitioner's conviction, he had 12 months from the date of sentencing to file a delayed application for leave to appeal with the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(F)(3). Therefore, Petitioner had until September 3, 2007, to seek direct review under 28 U.S.C. § 2244(d)(1)(A), which was one year after the trial court sentenced him on September 3, 2006. *See, e.g.*, *Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012). Accordingly, Petitioner had until September 3, 2008, to timely file his petition for a writ of habeas corpus with this Court.

Petitioner filed his postconviction motion with the trial court on July 14, 2014, which was nearly six years after the one-year limitations period expired. A state-court postconviction motion

that is filed after the one-year limitations period does not toll that period under 28 U.S.C. § 2244(d)(2), as the limitations period has elapsed. *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F.3d 717, 718, n.1 (6th Cir. 2002).

For these reasons, the Petition is untimely.

**2.**

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way,'" preventing the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The burden is, thus, on habeas petitioners to show that they are entitled to the equitable tolling of the one-year limitations period. *Id.*

Petitioner failed to offer any reasons to excuse the untimely filing of his Petition. Even being untrained in the law or proceeding without a lawyer does not justify equitable tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (holding that *pro se* status is not an extraordinary circumstance); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (holding that ignorance of the law does not justify tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (holding that illiteracy is not a basis for equitable tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (holding that the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's *pro se* status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (holding that lack of professional legal assistance does not justify tolling).

The one-year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 329); *see also* William E. Thro, *No Angels in Academe: Ending the Constitutional Deference to Public Higher Education*, 5 BELMONT L. REV. 27, 55 (2018) (stating that "beyond a reasonable doubt" means "99% certainty"). For an actual-innocence exception to be credible under *Schlup*, such a claim requires habeas petitioners to support their allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner is not entitled to tolling of the limitations period because he presented no new, reliable evidence to establish that he was actually innocent of the charged crime. *See Ross v. Berghuis*, 417 F.3d 552, 556 (6th Cir. 2005). Any actual-innocence exception to AEDPA's statute of limitations is particularly inapplicable, considering that Petitioner pleaded *nolo contendere* to the charge that he challenges in this Petition. *See Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). And Petitioner has not offered "new reliable evidence" that is "so strong that a court [could not] have confidence in the outcome" of his *nolo contendere* plea. *See Connolly v. Howes*, 304 F. App'x 412, 419 (6th Cir. 2008) (unpublished).

For these reasons, the challenges to Petitioner's escape convictions are barred by the statute of limitations.

**B.**

Respondent argues that Petitioner's parole-denial claim is not cognizable.

There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Bd. of Pardons v. Allen*, 482 U.S. 369, 377, n.8 (1987). That is, there is no federal constitutional right to be paroled. *See Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999). Further, the Sixth Circuit has repeatedly held that Michigan's parole statute does not create a liberty interest for prisoners to be paroled before their sentence expires. *See Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir. 1994) (en banc); *Crump v. Lafler*, 657 F.3d 393, 404–05 (6th Cir. 2011); *Foster v. Booker*, 595 F.3d 353, 368 (6th Cir. 2010); *Caldwell v. McNutt*, 158 F. App'x 739, 740–41 (6th Cir. 2006) (unpublished) (per curiam); *Ward v. Stegall*, 93 F. App'x 805, 806–07 (6th Cir. 2004) (unpublished); *Carnes v. Engler,* 76 F. App'x 79, 80 (6th Cir. 2003) (unpublished). In this way, even if the Parole Board relied on inaccurate information to deny Petitioner parole, it would not violate any liberty interest protected by the federal constitution. *Caldwell,* 158 F. App'x at 741.

The Sixth Circuit in dicta has suggested that "in an appropriate case, a parole board's reliance on unconstitutional factors—or even on false information in the parole file—could constitute a due-process violation." *Jergens v. Ohio Dep't of Rehab. & Corr. Adult Parole Auth.*, 492 F. App'x 567, 571, n. 5 (6th Cir. 2012) (unpublished). The Sixth Circuit, however, has rejected claims that false information was used to deny a habeas petitioner parole if the claims are conclusory and unsupported. *See Lapine v. Mich. Parole Bd.*, No. 18-1860, 2018 WL 7141240, at *1 (6th Cir. Nov. 29, 2018).

Petitioner has presented no conclusive evidence that he was never convicted of these two escape charges. Indeed, one of the exhibits that Petitioner offers in support of his claim, a Basic Information Sheet from the Michigan Department of Corrections, seemly refutes Petitioner's claim. *See* ECF No. 12 at PageID.130. Although Petitioner circles an area on the top of the sheet stating that he has zero escapes as an adult or juvenile, the "Previous Sentence Information" at the bottom of the same sheet suggests that Petitioner has two convictions for assaulting an employee/escape. *Id.* ("Aslt Emp/Esc Jl, 750.197C").[3] In this way, Petitioner's evidence does not support his claim that he was never convicted of these escape convictions.

For these reasons, Petitioner has failed to demonstrate that the Michigan Parole Board relied on false information to deny him parole.

**C.**

Petitioner filed a motion to grant the petition for a writ of habeas corpus. Because the Petition is being denied, this Court will deny the Motion to Grant.

---

[3] Michigan Compiled Laws § 750.197c criminalizes prisoners' assault of correctional officers and attempts to escape confinement as follows:

A person lawfully imprisoned in a jail, other place of confinement established by law for any term, or lawfully imprisoned for any purpose at any other place, including, but not limited to, hospitals and other health care facilities or awaiting examination, trial, arraignment, sentence, or after sentence awaiting or during transfer to or from a prison, for a crime or offense, or charged with a crime or offense who, without being discharged from the place of confinement, or other lawful imprisonment by due process of law, through the use of violence, threats of violence or dangerous weapons, assaults an employee of the place of confinement or other custodian knowing the person to be an employee or custodian or breaks the place of confinement and escapes, or breaks the place of confinement although an escape is not actually made, is guilty of a felony punishable by imprisonment for not more than 5 years or a fine of not more than $2,500.00, or both.

MICH. COMP. LAWS § 750.197c.

### III.

This Court will also deny a certificate of appealability to Petitioner.

In order to appeal this Court's decision, Petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); Fᴇᴅ. R. Aᴘᴘ. P. 22(b). Although a federal district court may grant or deny a certificate of appealability if it issues a ruling on the habeas petition, *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002), it "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254 (emphasis added).

The court should issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000). The substantial-showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the merits of the constitutional claim debatable or incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) ("A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."). In applying that standard, a district court may not conduct a full merits review and must "limit its examination to a threshold inquiry into the underlying merit of [the petitioner's] claims." *Miller-El*, 537 U.S. at 323.

When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Slack*, 529 U.S. at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's

- 9 -

order may be taken if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

This Court will deny Petitioner a certificate of appealability on his challenges to the underlying convictions. Reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner's challenges to his underlying conviction are barred by the one-year limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d 147, 753 (E.D. Mich. 2002).

Petitioner is also denied a certificate of appealability on his parole-denial claim. Petitioner does not have a protected liberty interest in being granted parole, thus, he has failed to make a substantial showing of the denial of a constitutional right and is not entitled to the issuance of a certificate of appealability on his parole-denial claim. *See Heidelberg v. Ill. Prisoner Rev. Bd.*, 163 F.3d 1025, 1025–27 (7th Cir. 1998) (per curiam).

This Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* FED. R. APP. P. 24(a).

### IV.

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DENIED**.

Further, it is **ORDERED** that the Motion to Grant the Habeas Petition, ECF No. 16, is **DENIED**.

- 10 -

Further, it is **ORDERED** that a certificate of appealability is **DENIED**.

Further, it is **ORDERED** that Petitioner is **DENIED** leave to appeal *in forma pauperis*.


Dated: June 9, 2022                          s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge